UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SAMANTHA K.,[1] | : | Case No. 3:20-cv-404 |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Samantha K. brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #14), the Commissioner's Memorandum in Opposition (Doc. #16), Plaintiff's Reply (Doc. #17), and the administrative record (Doc. #10).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for period of disability and Disability Insurance Benefits on November 12, 2008 and for Supplemental Security Income on March 31, 2009, alleging disability due to several impairments, including depression, anxiety, arthritis, bulging disc, and anger issues. (Doc. #10, *PageID* #402). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Shirley Moscow Michaelson. The ALJ concluded she was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. *Id.* at 134. The Appeals Council denied Plaintiff's request for review, and she filed a previous suit in the United States District Court for the Southern District of Ohio. Upon the parties' joint motion for remand, the Court reversed the ALJ's non-disability finding and remanded the matter to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g). *Kiser v. Comm'r of Soc. Sec.*, 3:13cv178, Doc. #6 (S.D. Ohio Aug. 30, 2013).

After a second hearing, ALJ David A. Redmond issued a decision concluding that Plaintiff was not under a disability and was therefore not eligible for benefits. (Doc. #10, *PageID* #s 51-67). The Appeals Council denied Plaintiff's request for review, and she filed a second suit in the United States District Court for the Southern District of Ohio. The Court reversed the ALJ's non-disability finding as unsupported by substantial evidence and remanded the case to the Commissioner. *Kiser v. Comm'r of Soc. Sec.*, 3:16cv317, 2017 WL 4276657 (S.D. Ohio Sept. 27, 2017).

Upon remand, after holding a new hearing, ALJ Gregory G. Kenyon issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since April 20, 2006, her alleged onset date.

Step 2: Plaintiff has the following severe impairments: lumbar degenerative disc disease, mild cervical degenerative disc disease, bipolar disorder, anxiety disorder, and a history of opiate abuse.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … subject to the following limitations: (1) occasionally crouching, crawling, kneeling, stooping, and climbing ramps and stairs; (2) never climbing ladders, ropes, or scaffolds: (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) performing unskilled, simple, repetitive tasks; (6) occasional contact with coworkers and supervisors; (7) no public contact; (8) no fast-paced production work or jobs which involve strict production quotas; (9) performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next; and (10) no occupational exposure to drugs."

Step 4: Plaintiff is capable of performing her past relevant work as a mail clerk. This work does not require the performance of work-related activities precluded by her RFC.

Step 5: Considering Plaintiff's age, education, work experience, and RFC there are jobs that exist in significant numbers in the national economy that she can perform.

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

(Doc. #10, *PageID* #s 1531-50). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since April 20, 2006. *Id.* at 67.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10, *PageID* #s 1531-50), Plaintiff's Statement of Errors (Doc. #14), and the Commissioner's Memorandum in Opposition (Doc. #16). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

Plaintiff argues that the ALJ reversibly erred in evaluating the opinions of her treating psychiatrist, Darshan Singh, M.D., and therapist, Darrell Guest, MSW, LSW. (Doc. #14). The Commissioner maintains that substantial evidence supports the ALJ's decision. (Doc. #16).

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted). The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.[3]

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's applications were filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to her claims.

conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.* Substantial evidence must support the reasons provided by the ALJ. *Id.*

Plaintiff's treating psychiatrist, Dr. Singh, completed a medical functional capacity assessment in June 2010. He opined that Plaintiff was markedly limited in almost every functional area. (Doc. #10, *PageID* #1982). In March 2011, Dr. Singh and Plaintiff's therapist, Darrell Guest, MSW, LSW, completed interrogatories regarding her impairments and her ability to perform work-related functions. *Id.* at 1093-105. They indicated that they have been treating Plaintiff for bipolar disorder. *Id.* at 1094. They opined that Plaintiff has a marked restriction of activities of daily living, extreme difficulties in maintaining social functioning, and marked deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. *Id.* at 1101-02. They noted that Plaintiff has a difficult time staying on task, is easily distracted, has racing thoughts, and forgets her appointments. *Id.* at 1095-99, 1104. She is easily agitated and frustrated. *Id.* at 1096-98. Additionally, she isolates herself from people and does not take criticism well. *Id.* at 1098.

The ALJ recognized that, "as a treating (and medically acceptable) source, Dr. Singh's opinion evidence would, under the regulations, be entitled to the greatest weight." *Id.* at 1539. However, the ALJ concluded that he "cannot afford his assessment either controlling or even deferential weight." *Id.* at 1539. The ALJ gave one primary reason for discounting the opinion: "the totality of [Plaintiff's] treatment records do not support the severe level limitation alleged by Dr. Singh." *Id.* at 1539. The ALJ noted that while Plaintiff's treatment records include some references to mood cycling and some period exacerbations of her bipolar symptoms, they "show a generally stable level of psychological functioning." *Id.* at 1539. Additionally, although Plaintiff reported a propensity towards anger and irritability and Dr. Singh indicated she was unable to control her temper, the ALJ found that Dr. Singh's treatment records "routinely characterize [Plaintiff] as cooperative and as having generally benign mental status exam findings." *Id.*

The ALJ acknowledged that Dr. Singh served as Plaintiff's treating psychiatrist and mentioned the concept of controlling weight. However, the ALJ did not properly analyze the opinion under the two conditions of the treating physician rule. The ALJ did not discuss the second condition of the treating physician rule—whether the opinion is not inconsistent with the other substantial evidence in the case record. And, although the ALJ discussed whether Dr. Singh's opinion was supported by Plaintiff's treatment record, it is not clear from the ALJ's discussion whether he intended to discuss the first condition of the treating physician rule—whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques—or the supportability factor.

7

Notably, the treating physician rule does not require that a treating physician's opinion be supported by a totality of the treatment records; it requires the opinion be "well-supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1527(c)(2). "For a medical opinion to be well-supported by medically acceptable clinical and laboratory diagnostic techniques, it is not necessary that the opinion be fully supported by such evidence." Soc. Sec. R 96-2p, 1996 WL 374188, *2; *see Goffe v. Comm'r of Soc. Sec. Admin.*, No. 3:18cv115, 2019 WL 3406433, at *4 (S.D. Ohio July 29, 2019), *report and recommendation adopted,* No. 3:18cv115, 2019 WL 4016276 (S.D. Ohio Aug. 26, 2019). Thus, to the extent that the ALJ required Dr. Singh's opinion to be supported by the totality of treatment records in order to assign it controlling weight, the ALJ erred.

Furthermore, by focusing only on support, the ALJ improperly collapsed the two-stage analysis of a treating physician's opinions and thus avoided a central feature of the Regulations: "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Rogers*, 486 F.3d at 242 (citing and quoting parenthetically Soc. Sec. R. 96–2p, 1996 WL 374188, at *4 ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.")).

Moreover, substantial evidence does not support the ALJ's decision to discount Dr. Singh's opinion based on the purported lack of support from treatment records showing that Plaintiff's "generally stable level of psychological functioning." (Doc. #10, *PageID* #1539). Although the ALJ's found that the record contains only "references to mood cycling" and "some periodic

8

exacerbations of her bipolar symptoms," a review of Plaintiff's treatment records demonstrates that she experienced ongoing symptoms, including mood swings, racing thoughts, depression, irritability/anger, anxiety, and difficulty sleeping. *Id.* at 576, 580-90, 592, 594, 598, 600, 604, 659, 661-63, 670-76, 1049-52, 1056, 1060, 1106-09, 1176-77. Furthermore, Mr. Guest regularly indicated between January 2009 and July 2010 that Plaintiff's progress was unimproved. *Id.* at 670-81, 1052, 1054, 1056, 1058, 1060. The ALJ erred in selectively focusing on the "stable" aspects of Plaintiff's treatment notes to the exclusion of evidence supportive of Dr. Singh's opinion. *See Foster v. Comm'r of Soc. Sec.*, 382 F. Supp. 3d 709, 714-15 (S.D. Ohio 2019) (citing *Hawthorne v. Comm'r of Soc. Sec.,* No. 3:13-cv-179, 2014 WL 1668477, at *11 (S.D. Ohio Apr. 25, 2014) (citing *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000) ) (An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his [or her] position"); *cf. Carter v. Comm'r of Soc. Sec.,* 137 F.Supp.3d 998, 1007 (S.D. Ohio 2015) (finding error where the ALJ referenced only normal findings while either ignoring or minimizing abnormal findings).

In sum, the ALJ did not properly consider Dr. Singh's opinions under the legal criteria mandated by the treating physician rule and the regulatory factors. "Because the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process,' we have held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial evidence*, even where the conclusion of the ALJ may be justified based upon

the record.'" *Blakely*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243). Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.

### B. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

Although this case has been previously remanded and Plaintiff's applications for benefits have been pending for over thirteen years, a judicial award of benefits is unwarranted because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking.  However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to Sentence Four of § 405(g) due to the problems discussed above.  On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #14) is **GRANTED**;

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 30, 2022                                            *s/Peter B. Silvain, Jr.*
                                                                                  Peter B. Silvain, Jr.
                                                                                  United States Magistrate Judge